# IN THE CIRCUIT COURT FOR DICKSON COUNTY, TENNESSEE

MARSHIELA SOWARDS,

*on behalf of herself and her minor children,*

    Plaintiff,

vs.

GRANGE MUTUAL CASUALTY INSURANCE,

    Defendant.

Case No: CN2349

JURY DEMAND

FILED February 20 07
2:44 P M

Pamela A. Myatt
Circuit Court Clerk

## COMPLAINT

Comes now the Plaintiff, Marshiela Sowards, by and through counsel and brings this civil action against the Defendants for their actions in violation of the Plaintiff's constitutionally guaranteed rights and other wrongs.

### JURISDICTION AND VENUE

1    Marshiela Sowards is a citizen and resident of Dickson County, Tennessee

2    Grange Mutual Casualty Insurance is a foreign corporation, registered to do business in the State of Tennessee which is headquartered in Columbus, Ohio

3.    Grange Mutual Casualty Insurance offers auto, home, life, business and farm insurance protection and banking services in many states, including Tennessee

4    Grange Mutual Casualty Insurance offered insurance coverage on the home of Ms. Sowards in Dickson, Tennessee as more fully described in this Complaint.

5    All of the facts which give rise to this cause of action arose in Dickson County, Tennessee.

## FACTUAL ALLEGATIONS

6. In April of 1999, Plaintiff Marshiela Sowards and her then husband Kenneth Gale Sowards purchased a farm owner insurance policy from Grange Insurance Company. (See attached Exhibit A)

7. Plaintiff and Mr. Sowards purchased the policy through their agent, Mr Bill Orgain.

8. Mr Bill Orgain's office at that time was in Dickson County, Tennessee

9. The policy covered real property located at 1455 Wolf Branch Road in Vanleer, Tennessee (hereinafter "covered property").

10. The covered property was located in Dickson County, Tennessee.

11. Plaintiff and/or Mr Sowards had made all appropriate payments on the policy prior to November 24, 2005

12. The insurance policy in question was in effect on November 24, 2005

13. After purchasing the insurance policy, the parties were divorced (*See* Attached Exhibit B- Final Decree of Divorce and Marital Dissolution Agreement)

14. As part of the divorce proceedings, Ms Sowards retained the covered property as her sole and separate property. (*See* Attached Exhibit B, Marital Dissolution Agreement Page 2)

15. The divorce became final on October 25, 2005 (*See* Attached Exhibit B).

16. On November 24, 2005, the property in question was damaged and/or destroyed by a fire. (See Attached Exhibit C- Vanleer Fire Department Report)

17. Mr Kenneth Sowards had no interest in any of the covered property's contents on November 24, 2005

18. Mr Kenneth Sowards had no ownership interest in the covered property after the divorce was final

2

Case 3:07-cv-00354  Document 1-1  Filed 03/30/07  Page 2 of 15 PageID #: 3

19. Plaintiff and her nine children lost almost all of their personal property as a result of this fire.

20. An investigation by the Vanleer Fire Department could not determine the area of the fire origin (Exhibit C, Section D)

21. An investigation by the Vanleer Fire Department could not determine the heat source causing the ignition of the fire (Exhibit C, Section D)

22. An investigation by the Vanleer Fire Department could not determine the item first ignited (Exhibit C, Section D)

23. An investigation by the Vanleer Fire Department could not determine the type of material first ignited (Exhibit C, Section D)

24. An investigation by the Vanleer Fire Department determined that no human factor contributed to the ignition of the fire. (Exhibit C, Section E-3)

25. No person has ever been charged by any law enforcement agency for the intentional burning of the house in question.

26. After the fire on November 24, 2005, Plaintiff filed a claim under the insurance policy on her and her children's behalf

27. The insurance policy was required to pay for damages to the property caused by fire.

28. The insurance policy was required to pay for loss of personal property caused by fire.

29. Defendant Grange Insurance Company launched an investigation into the fire

30. Plaintiff assisted in the investigation as required by her insurance policy

31. Defendant investigated the claim until approximately October, 2006.

3

32. While investigating the claim, Defendant forced Plaintiff to take steps which were unreasonable in hopes that she would simply give up on the claim

33. Defendant, while investigating the claim, steered the investigation, twisted witness and party statements, and manipulated evidence in an attempt to portray Plaintiff as a person who may have started the fire in question

34. Defendant conducted an investigation, however they never intended to pay the claim

35. Defendant uncovered no facts which show that Plaintiff started the fire herself

36. Defendant, during the course of the investigation made certain promises to Plaintiff regarding the rebuilding or replacement of her house

37. These promises were made in order to "string Plaintiff along" until they could manufacture evidence which they felt could possibly warrant a denial of the claim.

38. No evidence warrants a denial of the claim

39. Defendant uncovered no facts which tend to show that someone at Plaintiff's direction started the fire

40. Defendant uncovered no facts which tend to show that Plaintiff started the fire

41. Defendant uncovered no facts which tend to show that Mr Sowards started the fire

42. Defendant uncovered no facts which tend to show that someone at Mr Soward's direction started the fire.

43. At the time Defendant was conducting the investigation, Plaintiff was in a weakened emotional state because of her recent divorce, her recently becoming a single mother to many children, and the fire which destroyed her home and all her worldly possessions

4

44    While conducting the investigation, Defendant attempted to take advantage of her weakened emotional state by harassing Plaintiff needlessly.

45    Defendant's goal in harassing Plaintiff was so she would take no legal recourse against Defendant

46.   By correspondence dated October 13, 2006, Defendant denied the claim of the Plaintiff. (See attached Exhibit D)

47    Defendant claimed "the fire loss in question was incendiary in nature or intentionally set, and believed to be caused by you or at your direction" (Exhibit D)

48.   Defendants further claimed that the damage was caused "by or at the direction of any "insured", and with the intent to cause a loss" (Exhibit D)

49    Defendants further claim the claim is invalid because of the provision in the policy which states "if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning: (a) This coverage form, (b) The covered property, (c) Your interest in the Covered Property, (d) A claim under this Coverage form "

50    On October 24, 2006, Ms Sowards, through her attorney, sent correspondence to Defendant Grange Insurance Company. (See Attached Exhibit E)

51    Plaintiff, in good faith, requested that Defendant provide a more detailed explanation as to why the claim was denied (Exhibit E)

52.   Plaintiff further demanded payment under a valid insurance policy pursuant to Tennessee Code Annotated § 56-7-105 and all other relevant provisions of Tennessee Law (Exhibit E)

53    In correspondence dated November 17, 2006, Defendant refused to provide any more details as to why the claim was denied. (See Attached Exhibit F)

54.   No factual basis exists warranting a denial of the claim

55. Defendant has refused to pay the claim within 60 days to do so pursuant to Tennessee Code Annotated § 56-7-105

56. Plaintiff did not intentionally cause the fire that destroyed the "covered property."

57. Plaintiff did not direct any person to intentionally cause the fire that destroyed the "covered property."

58. Plaintiff did not cause the damage to the "covered property" with the intent to cause a loss

59. Plaintiff did not direct any person to intentionally cause the damage to the "covered property" with the intent to cause a loss.

60. Plaintiff did not intentionally conceal or misrepresent a material fact concerning the "coverage form" as identified in their October 13, 2006 correspondence

61. Plaintiff did not intentionally conceal or misrepresent a material fact concerning the "covered property" as identified in their October 13, 2006 correspondence

62. Plaintiff did not intentionally conceal or misrepresent a material fact concerning "her interest in the Covered Property" as identified in their October 13, 2006 correspondence

63. Plaintiff did not intentionally conceal or misrepresent a material fact concerning "a claim under this Coverage form" as identified in their October 13, 2006 correspondence

64. Plaintiff did not direct any person to intentionally conceal or misrepresent a material fact concerning the "coverage form" as identified in their October 13, 2006 correspondence

65. Plaintiff did not direct any person to intentionally conceal or misrepresent a material fact concerning the "covered property" as identified in their October 13, 2006 correspondence

66. Plaintiff did not direct any person to intentionally conceal or misrepresent a material fact concerning "her interest in the Covered Property" as identified in their October 13, 2006 correspondence.

67. Plaintiff did not direct any person to intentionally conceal or misrepresent a material fact concerning "a claim under this Coverage form" as identified in their October 13, 2006 correspondence

68. Mr. Sowards did not intentionally cause the fire that destroyed the "covered property"

69. Mr. Sowards did not direct any person to intentionally cause the fire that destroyed the "covered property"

70. Mr. Sowards did not cause the damage to the "covered property" with the intent to cause a loss

71. Mr. Sowards did not direct any person to intentionally cause the damage to the "covered property" with the intent to cause a loss

72. Mr. Sowards did not intentionally conceal or misrepresent a material fact concerning the "coverage form" as identified in their October 13, 2006 correspondence

73. Mr. Sowards did not intentionally conceal or misrepresent a material fact concerning the "covered property" as identified in their October 13, 2006 correspondence

74. Mr. Sowards did not intentionally conceal or misrepresent a material fact concerning "her interest in the Covered Property" as identified in their October 13, 2006 correspondence

75. Mr. Sowards did not intentionally conceal or misrepresent a material fact concerning "a claim under this Coverage form" as identified in their October 13, 2006 correspondence

7

76  Mr Sowards did not direct any person to intentionally conceal or misrepresent a material fact concerning the "coverage form" as identified in their October 13, 2006 correspondence

77  Mr Sowards did not direct any person to intentionally conceal or misrepresent a material fact concerning the "covered property" as identified in their October 13, 2006 correspondence.

78  Mr Sowards did not direct any person to intentionally conceal or misrepresent a material fact concerning "her interest in the Covered Property" as identified in their October 13, 2006 correspondence

79  Mr. Sowards did not direct any person to intentionally conceal or misrepresent a material fact concerning "a claim under this Coverage form" as identified in their October 13, 2006 correspondence

80  Mr Sowards had no right to receive any payment made under the insurance policy because of the fire on November 24, 2005

81  Mr Sowards has filed no claim under the insurance policy related to the fire that occurred on November 24, 2005

82.  As such, in the alternative, if Mr Sowards engaged in any act which would prevent recovery by him under the insurance policy in question, this would have no effect on Plaintiff's ability to recover all of her damages under the policy. Spence v Allstate Insurance Company, 883 S W 2d 586 (Tenn 1994)

## CAUSES OF ACTION

## COUNT I- BREACH OF CONTRACT

83  Paragraphs 1 to 82 are hereby re-alleged as if they were fully restated herein

84.  Plaintiff and Defendant had entered into a valid contract for insurance

8

85. Under the contract, Defendant was required to pay for losses due to fire at the covered property

86. Plaintiff suffered losses due to fire at the covered property

87. Defendant refused to pay for these losses as the contract required

## COUNT II- TENNESSEE CONSUMER PROTECTION ACT

88. Paragraphs 1 to 87 are hereby re-alleged as if they were fully restated herein

89. Plaintiff brings this Count under the Tennessee Consumer Protection Act (hereinafter the "Act"), T C A. §§ 47-18-101 *et seq*

90. Plaintiff is a consumer, natural persons, or individual and thus is a "person" under T.C A. § 47-18-109 (3).

91. Defendant is a "corporation" or "other legal or commercial entity however organized" and thus is a "person" under the T C.A §47-18-103 (9)

92. Defendant engaged in trade or commerce as defined by T.C A § 47-18-109 (11)

93. The providing of insurance under a valid insurance policy in exchange for payment of premiums constitutes trade or commerce under the Act

94. The contract provides that damage for fire loss would be covered absent certain exceptions

95. Defendant continued to "string Plaintiff along" in the belief that they were going to repair or replace her home while having no intention of paying the claim whatsoever

96. Defendant refused to pay the claim until Defendant felt that they had manufactured enough evidence to potentially the claim

97. Defendant refused to pay the claim until Defendant felt they were in a position to keep Plaintiff from seeking legal redress for their improper denial.

98. None of the exceptions to coverage under this insurance policy apply

9

99. Defendant has attempted to invent an exception to avoid paying a valid claim under a valid insurance policy

100. Defendant harassed Plaintiff during the course of their investigation into the claim in hopes that she would not pursue further action on their wrongful denial

101. Defendant was negligent in the manner it handled the investigation leading to the wrongful denial of the claim.

102. Defendant, either intentionally or negligently, refused to investigate this matter fully and as a result the claim was wrongfully denied

103. Defendant turned a "blind eye" to the truth in this matter so that they may deny the claim

104. Defendant based their decision to deny the claim on nothing more than wild speculation.

105. Defendant denied the claim in hopes that Plaintiff would not take any further legal action against them.

106. Defendant has refused to identify their alleged "factual bases" for the denial of the claim in hopes that no legal action would be taken against them. In reality, no such factual bases exist

107. Defendant has denied the claim in an attempt to "play the numbers" that the Plaintiff will either give up, or wear down so that the case may be settled for a lesser amount that Plaintiff is entitled to.

108. Defendant has denied a valid claim with knowledge that no valid reason exists to deny said policy.

10

Case 3:07-cv-00354 Document 1-1 Filed 03/30/07 Page 10 of 15 PageID #: 11

109. Defendants' acts or practices listed above were unfair and/or deceptive and as such violate the Consumer Protection Act. Tucker v. Sierra Builders, 180 S.W. 3d 109, (Tenn Ct App 2005)

110. Defendants committed or engaged in unfair or deceptive acts or practices affecting the conduct of any trade or commerce and constituted unlawful acts or practices in violation of T.C.A. §47-18-104(a)

111. Defendant has engaged in a pattern of the above listed activities in their dealings with home owners over the United States thereby warranting an award of punitive damages

112. Separately, Defendants' acts or practices violated particular subsections of T.C.A. §47-18-104(b), namely "Without limiting the scope of subsection (a), the following unfair or deceptive acts or practices affecting the conduct of any trade or commerce are declared to be unlawful and in violation of this part."

    A. (b)(12) – "Representing that a consumer transaction confers or involves rights, remedies or obligations that it does not have or involve or which are prohibited by law"

    B. (b)(27) – "Engaging in any other act or practice which is deceptive to the consumer or to any other person"

    C. (b)(5) – "Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship approval, status, affiliation or connection that such person does not have"

    D. (b)(7) - "Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another,"

    E. (b)(9) – "Advertising goods or services with intent not to sell them as advertised"

11

F. (b) (19) – "Representing that a guarantee or warranty confers or involves rights or remedies which it does not have or involve,"

G. (b) (21) – "Using statements or illustrations in any advertisement which create a false impression of the grade, quality, quantity, make, value, age, size, color, usability or origin of the goods or services offered, or which may otherwise misrepresent the goods or services in such a manner that later, on disclosure of the true facts, there is a likelihood that the buyer may be switched from the advertised goods or services to other goods or services,"

H. (b) (27) - Engaging in any other act or practice which is deceptive to the consumer or to any other person,

113. Pursuant to T.C.A. §47-18-112, the Consumer Protection Act's remedies are cumulative and supplemental to all other existing remedies. Invoking it does not prohibit or exclude using another remedy.

114. The exemptions from the Consumer Protection Act are set forth at T.C.A. §47-18-111.

115. Defendants activities do not fit or meet any of the exemptions specified under T.C.A. §47-18-111.

116. Plaintiff brings this Count under T.C.A. §47-18-109. She suffered an ascertainable loss of money, property or thing of value as a result of Defendants' use or employment of an unfair or deceptive act or practice prohibited by the Consumer Protection Act or in violation of the T.C.A §47-18-104 (a) and (b), as set forth above.

117. Plaintiffs bring this action to recover damages permitted by the Consumer Protection Act.

12

Case 3:07-cv-00354   Document 1-1   Filed 03/30/07   Page 12 of 15 PageID #: 13

118. Defendants' unfair or deceptive acts or practices were willful or knowing and Plaintiff is entitled to treble damages under T C A §47-18-109.

119. The acts and practices of Insurance companies, such as Defendant, are not outside the scope of the Tennessee Consumer Protection Act Myint v Allstate, 970 S W 2d 920, 926 (Tenn 1998)

120 Insurance companies will be held liable under the act if their conduct in handling, investigating, or denying claims is unfair or deceptive Myint at 927

121. Insurance companies will be held liable if their claims handling procedures are unfair or deceptive pursuant to the act Sparks v. Allstate Ins. Co 98 F.Supp.2d 933, 938 (W D Tenn., 2000)

122. As a result of Defendant's violation of the Tennessee Consumer Protection Act, Plaintiff suffered losses

## COUNT III- BAD FAITH REFUSAL TO PAY

123 Paragraphs 1 to 122 are hereby re-alleged as if they were fully restated herein.

124 Plaintiff in this matter made a demand for payment under a valid insurance policy pursuant to Tennessee Code Annotated 56-7-105

125 Defendants have no basis for denying the claim

126. Defendants have refused to pay the claim

127. Defendant's actions in refusing to pay the claim were not in good faith

128. As a result of Defendant's actions, Plaintiff has suffered losses

## COUNT IV- DEFAMATION

129 Paragraphs 1 to 128 are hereby re-alleged as if they were fully restated herein

130. By falsely alleging fraud on the part of the Plaintiff, Defendant has published a defamatory statement either willfully or with reckless disregard for its truth

13

Case 3:07-cv-00354 Document 1-1 Filed 03/30/07 Page 13 of 15 PageID #: 14

131. As a result of the Defendants' defamation, Plaintiff has suffered damages

## COUNT V- NEGLIGENCE

132  Paragraphs 1 to 131 are hereby re-alleged as if they were fully restated herein

133. Defendant owed Plaintiff a duty to investigate the claim properly before determining that they were not responsible its payment

134  Defendant by accepting the premium payments on the insurance policy, further owed Plaintiff a duty to pay valid claims.

135. Defendant breached this duty by failing to investigate properly and failing to pay a valid claim

136. Defendant's failure to investigate properly and/or in conducting a goal oriented investigation was willful and/or reckless

137  As a result of Defendant's breach, Plaintiff has suffered damages

## COUNT VIII- UNJUST ENRICHMENT

138  Paragraphs 1 to 137 are hereby re-alleged as if they were fully restated herein

139  Defendant accepted premium payments on the part of the Plaintiff in exchange for insurance coverage to be paid for loss due to fire

140  Defendant accepted the premium payments and refused to provide the insurance coverage

141. As a result, Plaintiff has suffered damages

### WHEREFORE, PREMISES CONSIDERED, PLAINTIFF PRAYS:

1  For a jury of 12 to consider this action

2  Plaintiff be granted a judgment against the Defendant for the sum of money to be determined by the Jury to be sufficient to compensate her for the damages complained of herein

14

3. Plaintiff be awarded reasonable attorney fees pursuant to the Tennessee Consumer Protection Act (T.C.A § 47-18-101 *et seq.*) and the Tennessee Bad Faith Refusal to Pay (T C A § 56-7-105.

4. Defendant be taxed with the costs of this civil action.

5 Defendant pay treble damages under the Tennessee Consumer Protection Act (T C.A § 47-18-101 *et seq.*)

6 Defendant pay a penalty of 25% above their actual liability pursuant to the Bad Faith Refusal to Pay Statute.

7 Defendant be made to pay punitive damages

8. Plaintiff recover both Pre and Post Judgment Interest

9. All other damages allowed under Tennessee law.

10. Discretionary costs as authorized by the Rules or law

11. Further and general relief as justice may require

Respectfully Submitted,

**HIGGINS, HIMMELBERG & PILIPONIS**

*/s/ Jonathan A. Street*

**JONATHAN A. STREET**
**BPR NO. 21712**
Attorney for the Plaintiff
116 Third Avenue South
Nashville, Tennessee 37201
(615) 353-0930

STATE OF TENNESSEE
COUNTY OF DICKSON
I, Pamela (Pam) Myatt, Clerk of the Circuit Court for Dickson County, Tennessee, do hereby certify that the foregoing is a full true and exact copy of _Complaint_ as the same appears of record in Minute Book No._____ page_____ in my office at Charlotte, Tennessee.
Witness my hand and official seal, this the ___2nd___ day of _February_, 20_07_
_Pamela Myatt_
Clerk